IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| PHOENIX ENTERTAINMENT PARTNERS, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DR FOFO, LLC d/b/a PLANET FOLLYWOOD and ELLIOT ASHLEY KOHN d/b/a DJ E,<br><br>　　　　Defendants. | Case No.: 2:17-cv-01270-DCN<br><br>**PLAINTIFF'S DISCOVERY PLAN AND LOCAL CIVIL<br>RULE 26.03 INFORMATION** |

Plaintiff, Phoenix Entertainment Partners, LLC ("Phoenix" or "Plaintiff") and Defendant Elliot Ashley Kohn d/b/a DJ E ("Kohn" or "Defendant" and, collectively with "Phoenix", the "Parties"), by and through their respective counsels of record, met telephonically on September 7, 2017, for the required Rule 26(f) Conference. The Parties intended to jointly submit a Discovery Plan and the requisite Local Civil Rule 26.03 Information; however, the Parties were unable to agree on the final version of the document. Accordingly, Phoenix respectfully submits the following Discovery Plan and Local Civil Rule 26.03 Information, which consists of wording agreed upon by both Parties, but excludes terms proposed by Kohn but not agreed to by Phoenix.

A.　　Discovery Plan

　　(1)　　The Parties do not believe that any changes should be made to the timing, form, or requirement for disclosures under Rule 26(a) or the schedule set forth in the Conference and Scheduling Order filed September 6, 2017 except as provided in paragraph B(7) below.

1

(2) Discovery will be needed on the following subjects: The validity of Phoenix's trademark registrations at issue; the alleged infringement of Phoenix's trademarks by Kohn; the intentionality of the alleged infringement; the effect of the alleged infringement; the alleged damages resulting from the alleged infringement; and other related subjects. The Parties do not believe that discovery should be conducted in phases, or limited to certain issues.

(3) The Parties have discussed the preservation of all information electronically stored on Kohn's computer system(s) and/or hard drive(s) relating to the alleged infringement. Disclosure or discovery of electronically-stored information should be handled by obtaining and providing a forensic copy of Kohn's computer system(s) and/or hard drive(s) relating to the alleged infringement, by exchange of CD-ROM discs encoded with the information or on a case-by-case basis with prior agreement, by e-mail attachment.

(4) At this time, Phoenix believes that an order regarding claims of privilege or of protection of trial-preparation material may be necessary to allow for the disclosure of information and materials relating to Phoenix's pre-suit investigation of Kohn's activities, including, without limitation, the date of the investigation, the identity of the investigator and the investigation report. Such information would enable Kohn to obtain lawful original versions of the media at issue in order to appear to have been in possession thereof at the time of investigation. Phoenix proposes a protective order permitting the information to be designated to be withheld from Kohn at least until receiving a binding declaration of Kohn's holdings of the original media at issue, or an agreement providing for the simultaneous sealed disclosure of the foregoing information by the Parties. Defendant objects to the issuance of such an order as framed.

(5) The Parties do not believe that any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules.

(6) At this time, the Parties do not believe that other orders should be issued under Rule 26(c) or under Rule 16(b) and (c).

B. <u>Local Civil Rule 26.03 Information</u>

(1) Phoenix seeks money damages and injunctive relief against Kohn for infringing Phoenix's trademarks when Kohn used Phoenix's trademarks in connection with karaoke services provided to consumers. Kohn denies any infringement and claims to have the right to use Phoenix's trademarks in connection with karaoke services.

(2) Phoenix's President, Kurt Slep, will likely be called to testify to the claims alleged by Phoenix and resulting damages. Phoenix's investigator will likely be called to testify to the pre-suit investigation conducted of Kohn's activities.

(3) Defendant Elliot Kohn will be called to testify that he did not pirate the karaoke tracks as alleged in paragraph 33 of the complaint and accordingly did not infringe Phoenix's trademarks. Mr. Thomas Kerse and Ms. Christine Kerse are expected to testify that they have knowledge that Defendant Kohn purchased the incident karaoke discs legally, and further that they have seen the disks in Defendant Kohn's possession. Ms. Tammye Fraley is similarly expected to testify that she has seen the incident discs in Defendant Kohn's possession.

(4) The Parties have not identified any experts at this time. However, Phoenix may offer testimony by an expert in the field of computer forensics who may be sought to create a forensic copy of Kohn's computer system(s) and/or hard drive(s) relating to the alleged infringement. Kohn objects to a forensic analysis as irrelevant to Phoenix' claims. Kohn further objects to a forensic analysis as exceeding the proportionality limits on discovery imposed by Fed. R. Civ. P. 26(b).

Kohn may offer testimony in the fields of computer technology, the karaoke industry, consumer awareness and likely confusion and/or damages.

(5)     Phoenix alleges that Kohn's actions described above constitute trademark infringement under § 15 U.S.C. 1114, unfair competition under § 15 U.S.C. 1125 and also a violation of South Carolina's Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-20, et. seq.

(6)     Defendant Kohn avers that he legally bought the karaoke tracks which are the subject of the complaint and accordingly did not engage in trademark infringement under § 15 U.S.C. 1114, unfair competition under § 15 U.S.C. 1125 or violate South Carolina's Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-20, et. seq.

In further summarizing his defenses, Kohn states that by way of background, he contracts with third parties to provide independent karaoke services at bars, restaurants, and other businesses. Kohn does not sell, offer to sell, advertise, or distribute karaoke accompaniment tracks or any other goods. In the course of providing karaoke services, Kohn plays karaoke accompaniment tracks produced by numerous different karaoke accompaniment track manufacturers. Prior to initiation of this suit, the karaoke accompaniment tracks that Kohn played included tracks allegedly produced by Slep-Tone, Phoenix's predecessor-in-interest to the alleged "Sound Choice" Marks and Trade Dress, among others. By design, the alleged "Sound Choice" Marks and Trade Dress are embedded in those karaoke tracks such that display of the alleged Marks and Trade Dress was a natural consequence of playing the tracks. Kohn made no other use of the alleged "Sound Choice" Marks and Trade Dress, including no use as a source identifier to distinguish his karaoke services from the karaoke services of others. Kohn avers that his customers are not likely to be confused that his services are affiliated, associated, sponsored, approved, or otherwise connected to any of the many producers whose karaoke tracks he plays.

Kohn contends that Phoenix' use of trademark law to circumvent its lack of ownership of copyright rights is a misuse of trademark law; that Phoenix has asserted baseless trademark claims to strong-arm Kohn into paying for a "license" to copy karaoke tracks from discs to computer hard drives without having ownership of the copyright rights necessary to authorize or prevent such copying. Kohn also contends that the alleged rights in the "Sound Choice" Marks and Trade Dress are not protectable.

In the event that this matter is not timely settled, and as Kohn disclosed in the parties' September 7, 2017 Rule 26(f) conference, Kohn may or will file a counterclaim.

(7) Depending on the progress of settlement discussions, the Defendant may or will seek an extension of time to file a counterclaim. The Parties do not believe that any other changes are needed to the proposed dates in the schedule set forth in the Conference and Scheduling Order filed September 6, 2017.

(8) The Parties are not aware of any special circumstances that would affect the time frames in the schedule set forth in the Conference and Scheduling Order filed September 6, 2017.

(9) The Parties are not aware of any additional information requested.

### PLAINTIFF

___s/Michael C. Cerrati_____
*Signature of Plaintiff's Counsel*

Michael C. Cerrati
Phoenix Entertainment Partners, LLC
_____
*Printed Name of Plaintiff's Counsel*
*and Party Represented*

*Dated:* October 13, 2017